## MITCHELL v. BAILEY'S AUTO SERVICE, et al.

Industrial Commission.

May 31, 1955.

James T. Earle, St. Petersburg, for claimant.

Paul H. Roney, Mann, Harrison & Stone, St. Petersburg, for the employer and insurance carrier.

JAMES T. VOCELLE, Chairman and WALTER L. LIGHTSEY, Commissioner.

This cause came on to be heard on the application of the employer and carrier for review of a deputy commissioner's order dated October 6, 1954 awarding compensation for the death of an employee as the result of an accident which occurred on June 2, 1952.

The employee was survived by a widow and three minor children who were wholly dependent on him. The widow did not file a claim for death benefits until July 2, 1954—delaying for a period longer than two years after his death. The widow having remarried on

February 3, 1954, the sole right to compensation was in the three minor children.

Section 440.19 (3) of the Act provides that if a person entitled to compensation is a minor the statute of limitations with respect to filing claims shall not be applicable so long as such person has no guardian or other authorized representative, but shall be applicable from the date of the appointment of such guardian or other representative, or in the case of a minor, if no guardian is appointed, from the date he becomes of age. The deputy commissioner found that no such guardian or authorized representative had been appointed for the three children.

While section 744.13, Florida Statutes 1953, refers to parents as the "natural" guardians of their minor children, it provides that they may receive and manage personal property accruing to the benefit of a minor only when the amount involved does not exceed $500, and in the case of a personal injury or other tort claim, only when the amount of settlement does not exceed $100. Section 744.02 (1) defines "guardian" as one to whom the law has entrusted the custody and control of the person or of the property, or of both, of an incompetent.

Section 440.17 authorizes this commission, in its discretion, to require the appointment by a court of competent jurisdiction of a guardian to receive compensation payable to a minor, or to designate in the compensation award a person to whom payment of compensation may be made for such minor. Accordingly, because the widow was not entitled under the law to receive the compensation on behalf of the minor children unless and until either appointed their guardian by a court of competent jurisdiction or designated by the commission to receive same, it is our opinion that she was not their "guardian or other authorized representative" within the intent and meaning of section 440.19 (3) relating to time for filing claims.

The contention that the statute of limitations had run against the claim because section 440.16 (2) (c) makes the compensation payable "to the widow" rather than to the minors is not valid because the same paragraph provides that such payment is "on account of" and "for" each child, and, further, that the commission may provide for the entire compensation to be paid exclusively to the child or children.

The claims of the minor children were not barred.

Having considered the cause upon the record, briefs and arguments of counsel for the parties, and it appearing that the deputy

commissioner's findings of fact are supported by competent substantial evidence which accords with logic and reason and that his compensation order accords with the essential requirements of law within the meaning of U. S. Casualty Co. v. Maryland Casualty Co. (Fla.), 55 So. 2d 741, such order is affirmed. The employer is ordered to pay the claimant's attorney, James T. Earle, $290 as a reasonable attorney's fee for his services before the full commission.

JAMES CAMERON, Commissioner (dissenting).

I disagree with the majority opinion in this case, as it is my view that the death of the employee was not "by accident arising out of and in the course of employment" within the meaning of the law.